DECISION AND JUDGMENT ENTRY
{¶ 1} James Langley appeals the sentence imposed by the Lawrence County Common Pleas Court and argues that the trial court erred when it rejected his motion to withdraw his guilty pleas. We find that the court did not abuse its discretion when it denied Langley's motion since Langley made the motion in response to the trial court's denial of a recognizance bond and the court later granted the bond. Langley also contends that he received ineffective assistance of counsel. He alleges that defense counsel did not explain the possible consequences of his guilty pleas and did not adequately communicate with him. We find no evidence of deficient performance on the part of defense counsel regarding an explanation of the consequences of entering a plea. In addition, Langley failed to demonstrate how defense counsel's insufficient communication prejudiced his defense. Finally, Langley argues that the trial court erred in rejecting his plea agreement without giving its reasons. We find that rather than rejecting the plea agreement, the trial court adopted it. Accordingly, we affirm the judgment of the trial court.
 {¶ 2} In November 2001, Langley knocked on the door of James and Carolyn Ferguson's residence. He explained that he had been in a car accident and asked if he could use their telephone to call for a ride. The Fergusons invited him in and allowed him to use their telephone. Langley was unable to reach anyone, so the Fergusons called their grandson who gave Langley a ride home. The Fergusons gave their grandson $10.00 for gasoline.
 {¶ 3} The next day, Langley returned to the Ferguson's residence stating that he wanted to repay the $10.00. He told the Fergusons that he only had a $50.00 bill but if they would give him $40.00 in change, he would give them the $50.00 bill. After the Fergusons gave Langley the $40.00, he told them that he had to go to his truck to get the $50.00 bill. Langley then went to his truck and drove away, taking the Ferguson's $40.00 with him.
 {¶ 4} The state charged Langley with burglary and theft from an elderly person. Langley entered into a plea agreement that required him to plead guilty to both charges. In April 2002, Langley entered guilty pleas to the charges of burglary and theft from an elderly person. The trial court sentenced Langley to two years on the burglary charge and eleven months on the theft charge, the sentences to run concurrently. Langley appeals, raising the following assignments of error: ASSIGNMENTOF ERROR NO. 1 — Appellant was deprived of his right to effective assistance of counsel where defense counsel clearly failed to adequately communicate with Appellant or explain the nature and consequences of a plea agreement prior to Appellant's entering his guilty plea. ASSIGNMENTOF ERROR NO. 2 — The trial court erred in denying Appellant's oral motion to withdraw his guilty plea where it was clear Appellant did not understand the nature and repercussions of the plea and therefore the plea could not have been knowing and voluntary. ASSIGNMENT OF ERROR NO. 3
— The trial court erred in sentencing Appellant to a period exceeding that agreed upon in the plea agreement where it failed to state the reasons for its rejection of the plea agreement.
 {¶ 5} For the sake of clarity, we will address Langley's second assignment of error first. There, Langley argues that the trial court erred in denying his motion to withdraw his guilty pleas. According to Langley, the trial court should have realized that his guilty pleas were neither knowingly nor voluntarily entered. Therefore, the court should have permitted him to withdraw his guilty pleas when he requested to do so.
 {¶ 6} While a pre-sentence motion to withdraw a guilty plea should be freely and liberally granted, a defendant does not have an absolute right to withdraw a plea prior to sentencing. State v. Xie (1992),62 Ohio St.3d 521, 527, 584 N.E.2d 715, State v. Ausman, Ross App. No. 00CA2550, 2000-Ohio-1953. The determination of whether to grant a motion to withdraw a guilty plea is left to the sound discretion of the court.Xie at paragraph two of the syllabus. A trial court's decision on a motion to withdraw a guilty plea will not be reversed unless the trial court has abused its discretion. Xie at 528, Ausman, supra. An abuse of discretion consists of more than error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. State v. Lessin, 67 Ohio St.3d 487, 494, 1993-Ohio-52,620 N.E.2d 72; Rock v. Cabral (1993), 67 Ohio St.3d 108, 112,616 N.E.2d 218.
 {¶ 7} During the plea hearing, Langley requested that he be released on recognizance bond prior to going to prison.[1] When imposing sentence, the trial court denied Langley's request to be released on a recognizance bond. Immediately thereafter, Langley asked the court if he could withdraw his pleas. The court denied his request. When permitted to speak, Langley stated: "The reason I was going to take this is because I was getting out. It was because I was going to get out for seven days. But if not, I want to go to the box." The following exchange then took place between Langley and the court: "LANGLEY: I tried to come to court last week to come in here to talk. I asked last week, I said I wasn't taken [sic] two years. * * * Well, now they come up and they tell me that I'm going to get an O.R. Bond till the 1st. COURT: Are you telling me that your big hangup is you want three days out before you go? LANGLEY: Yes sir. COURT: That's the big hangup? LANGLEY: That's my big hangup."
 {¶ 8} It appears that Langley asked to withdraw his guilty pleas only because the court denied his request for a recognizance bond. Apparently, Langley initially rejected the plea agreement but then decided to accept it after he learned that he could be released on recognizance bond before going to prison. Only after the court denied his request for a recognizance bond did Langley express a desire to withdraw his guilty pleas. Following its exchange with Langley, the court changed its mind and granted Langley a recognizance bond. Considering Langley eventually received the recognizance bond he requested, we cannot say that the court abused its discretion when it denied Langley's motion to withdraw his guilty pleas. Accordingly, Langley's second assignment of error is overruled.
 {¶ 9} In his first assignment of error, Langley argues that he received ineffective assistance of counsel. He states that in the time between his arraignment and his guilty pleas, he had only limited contact with defense counsel. In addition, Langley contends that defense counsel failed to adequately explain the possible consequences of his guilty pleas.
 {¶ 10} Reversal of a conviction for ineffective assistance of counsel requires that the defendant show, first, that counsel's performance was deficient, and, second, that the deficient performance prejudiced the defense. State v. Smith, 89 Ohio St.3d 323, 327,2000-Ohio-166, 731 N.E.2d 645, citing Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley
(1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373. Defense counsel's representation must fall below an objective standard of reasonableness to be deficient in terms of ineffective assistance. Bradley, supra. If one component of the Strickland test disposes of an ineffective assistance of counsel claim, it is not necessary to address both components.Strickland, Bradley. Moreover, a defendant who has pled guilty must demonstrate that, but for his counsel's errors, he would not have pled guilty. Hill v. Lockhart (1985), 474 U.S. 53, 59, 106 S.Ct. 366,88 L.Ed.2d 203. See, also, State v. Martin (June 24, 1997), Lawrence App. No. 96CA53.
 {¶ 11} Langley contends that he received ineffective assistance of counsel because defense counsel failed to explain the nature and consequences of his plea agreement. According to Langley, he had previously stated that he would not accept a two-year plea agreement, yet defense counsel allowed him to enter guilty pleas pursuant to such an agreement. Langley claims that he did not understand what he was pleading guilty to or the potential consequences of those pleas. We are unpersuaded by Langley's argument.
 {¶ 12} On the day of the plea hearing, Langley filled out a form entitled "Proceeding on Plea of Guilty". The form contained questions designed to ensure that Langley understood the consequences of entering a guilty plea. On that form, Langley indicated that defense counsel had explained what might happen if he pled guilty. He also indicated that he understood what was taking place at the plea hearing. When asked if he understood the nature of the charge and the maximum penalty involved, Langley answered "yes." In two separate questions the form asked if Langley was "making this plea of [his] own free will." Both times, Langley answered affirmatively. Moreover, the court gave Langley a number of opportunities to speak throughout the plea hearing. At no time did Langley express confusion about what was transpiring. Even after the court sentenced him, Langley did not question the term of years imposed. Instead, Langley questioned the court's denial of a recognizance bond. As for Langley's claim that he had previously rejected a two-year plea agreement, Langley indicated at the plea hearing that he accepted the plea agreement because he thought he was going to be released on a recognizance bond before going to prison.
 {¶ 13} In pursuing a claim of ineffective assistance of counsel, a defendant must overcome a strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. SeeStrickland, 466 U.S. at 689. Langley has not presented sufficient evidence to overcome this presumption. He alleges that defense counsel did not explain the possible consequences of his guilty pleas. However, there is nothing in the record to suggest deficient performance on the part of defense counsel.
 {¶ 14} Langley also contends that he received ineffective assistance of counsel because defense counsel failed to adequately communicate with him. According to Langley, he had limited contact with defense counsel prior to the plea hearing. At the plea hearing, Langley stated: "I tried to come to court last week to come in here to talk. * * * And they come back and tell me that he's going to find out my trial date and he leaves. I ain't heard nothing since. That's fine. That's fine and dandy. * * *"
 {¶ 15} Langley has failed to demonstrate that, but for the lack of communication between defense counsel and himself, he would not have pled guilty. During the plea hearing, Langley asked to be released on a recognizance bond prior to going to prison. He later indicated that he had accepted the plea agreement because he believed he would be released on a recognizance bond. At the end of the hearing, the court granted Langley a three-day release on recognizance bond. Thus, the court granted Langley the recognizance bond he requested. Langley does not explain how increased contact with defense counsel would have impacted his decision to plead guilty. Therefore, we find that defense counsel's actions did not prejudice Langley's defense. Accordingly, Langley's fist assignment of error is overruled.
 {¶ 16} In his third assignment of error, Langley argues that the trial court erred when it rejected the parties' plea agreement without giving its reasons for doing so. Langley contends that the trial court's sentence exceeded the sentence contemplated by the plea agreement and, thus, was a rejection of the plea agreement.
 {¶ 17} Generally, we review a trial court's rejection of a plea agreement under an abuse of discretion standard. State v. Rhea (Feb. 21, 1992), Ross App. No. 1779. However, we find no evidence to suggest that the trial court rejected the plea agreement entered into by the parties.
 {¶ 18} According to Langley, the plea agreement provided for a maximum sentence of two years for both charges, to run concurrently. Langley contends that the trial court imposed a sentence greater than that agreed upon when it sentenced him to eleven months for theft in addition to two years for burglary.
 {¶ 19} At the plea hearing, the state indicated that it had previously made a recommendation regarding sentencing and that the court had accepted the recommendation.[2] Defense counsel agreed, stating, "The recommendation that we discussed with Mr. Cooper was two years. And that would be concurrent." When the court sentenced Langley, it sentenced him to two years on the burglary charge and eleven months on the theft charge, the sentences to run concurrently. At no time during the plea hearing did Langley question the sentence or object to the sentence as being in excess of the plea agreement. Langley understood that he would be imprisoned for a maximum of two years with his sentences to be served concurrently. He apparently doesn't understand the concept of concurrent sentencing whereby he would receive a two-year sentence on one charge and an equal or lesser sentence on the other charge, which runs at the same time as the two year sentence. Thus the most he can serve is two years. Nothing in the record indicates that the parties' plea agreement contemplated a sentence different from that entered by the trial court. Therefore, we conclude that the trial court did not reject the parties' plea agreement. Accordingly, Langley's third assignment of error is overruled.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] After Langley's counsel explained the state's sentencing recommendation, he indicated that Langley would like to address the court. At that time, Langley asked the court if he could be released on recognizance bond prior to going to prison. It does not appear that Langley's release on a recognizance bond was a term of the plea agreement.
[2] The record does not indicate when this sentencing recommendation occurred and there is no transcript of it included in the record.